IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10452
Summary Calendar

_____


UNITED STATES OF AMERICA

                    Plaintiff - Appellee

        v.

CURTIS CHARLES CRANE

                    Defendant - Appellant

                --------------------
        Appeal from the United States District Court
             for the Northern District of Texas
                  USDC No. 4:01-CR-175-1-A
                --------------------
                   February 12, 2003

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

        Curtis Charles Crane appeals his conviction for

counterfeiting obligations of the United States and possessing

counterfeit obligations and aiding and abetting.  He argues that

the evidence was insufficient to support his conviction and that

the district court erred by sentencing him at offense level 15

under U.S.S.G. § 2B5.1(b)(3).  In support of these arguments,

Crane contends that the record does not support a finding that

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the bills bore the requisite resemblance to genuine obligations of the United States or that anyone would have been deceived by them. He notes that he was arrested immediately after the first attempt to pass a counterfeit bill at a store and that an attempt to use a bill in a change machine was unsuccessful.

According to Crane's accomplice, she and Crane worked to improve the quality of the bills they created until the bills appeared to be passable. Evidence in the presentence report showed that a secret service agent believed that the bills were acceptable enough to be passed into circulation. Finally, the district court determined, based on an examination of the bills, that they were likely to be accepted if subject to minimal scrutiny. The district court's factual finding regarding the quality of the bills is not clearly erroneous, and Crane has not established that his conviction would result in a manifest miscarriage of justice. See United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001); United States v. Bollman, 141 F.3d 184, 186-87 (5th Cir. 1998).

AFFIRMED.